UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

ROB W. ROBERTS,                                                Case No. 2:18-cv-205

                Petitioner,                         Honorable Paul L. Maloney

v.

KRISTIE KIBBEY ETUE,

                Respondent.
_____/

# **OPINION**

This is an action brought by a former prisoner challenging a judgment of conviction by a United States Army general court-martial at Fort Polk, Louisiana on April 26, 1996. Petitioner was convicted of two specifications of forcible sodomy with a child under the age of sixteen, five specifications of indecent acts or liberties with a child, and one specification of indecent assault. The convening authority sentenced Petitioner to a dishonorable discharge, confinement for ten years, forfeiture of all pay and allowances, and reduction to the grade of E-1.

Petitioner indicates that he has filed the action pursuant to 28 U.S.C. § 1651, and he refers to it as a petition for writ of habeas corpus. Section 1651 of Title 28 United States Code provides:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a). The Supreme Court has recognized that there may be several types of habeas corpus writs that fall within the scope of "writs . . . agreeable to the usages and principles of law." *Id*. In *United States v. Hayman*, 342 U.S. 205 (1952), the Court explained:

> In determining what auxiliary writs are "agreeable to the usages and principles of law," we look first to the common law. *See Price v. Johnston*, 1948, 334 U.S. 266, 281. In addition to 'the great and efficacious writ' habeas corpus ad subjiciendum, other varieties of the writ were known to the common law. Blackstone described the writs of habeas corpus 'ad prosequendum, testificandum, deliberandum, etc.; which issue when it is necessary to remove a prisoner, in order to prosecute or bear testimony in any court, or to be tried in the proper jurisdiction wherein the fact was committed.' 3 Blackstone's Commentaries 129—130. *See Ex parte Bollman*, 1807, 4 Cranch 75, 97-98, 2 L.Ed. 554.

*Hayman*, 342 U.S. at 221 n.35. The habeas corpus writ Petitioner seeks is the great writ—habeas corpus ad subjiciendum—that permits the court to inquire into the cause of the restraint. *Carbo v. United States*, 364 U.S. 611, 614-15 (1961).

Section 1651 does not create the Court's jurisdiction to issue the great writ.[1] Such jurisdiction must be conferred by Congress. Here, Congress has conferred authority to decide petitions for the great writ by way of 28 U.S.C. § 2241. *Rasul v. Bush*, 542 U.S. 466 (2004). Petitioner must meet the requirements of that specific statute, not the more general All Writs Act to prevail on his petition. *Pennsylvania Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985) ("The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that

---

[1] *See, e.g., United States v. Tablie*, 166 F.3d 505, 506 (2d Cir. 1999) ("[T]he All Writs Act does not confer an independent basis of jurisdiction . . . ."); *United States v. Apple MacPro Computer*, 851 F.3d 238, 244 (3d Cir. 2017) ("The All Writs Act does not itself confer any subject matter jurisdiction, but rather only allows a federal court to issue writs 'in aid of'' its existing jurisdiction."); *In re American Honda Motor Co., Inc., Dealerships Relations Litigation*, 315 F.3d 417, 437 (4th Cir. 2003) ("[T]he All Writs Act does not independently confer subject-matter jurisdiction on federal courts."); *In re Red Barn Motors, Inc*., 794 F.3d 481, 483 (5th Cir. 2015) ("The All Writs Act, 28 U.S.C. § 1651, . . . does not itself confer jurisdiction."); *United States v. Burchett*, No. 93-5734, 1993 WL 473698, at *1 (6th Cir. Nov. 16, 1993) ("Neither does the All Writs Act, 28 U.S.C. § 1651, operate to confer jurisdiction."); *United States v. Alkamramla*, 872 F.3d 532, 534 (7th Cir. 2017) ("But the All Writs Act does not itself confer jurisdiction; it simply authorizes a federal court to issue writs in aid of jurisdiction it already has."); *Goss Int'l Corp. v. Man Roland Druckmaschinen Aktiengesellschaft*, 491 F.3d 355, 364 (8th Cir. 2007) ("[T]he All Writs Act, 28 U.S.C. § 1651(a), . . . does not create an independent source of federal jurisdiction."); *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 937 (9th Cir. 1993) (concluding the All Writs Act does not operate to confer jurisdiction upon the district court, rather the Act only aids jurisdiction the district court already possesses); *Jackson v. Standifird*, 463 F. App'x 736, 738 n.1 (10th Cir. 2012) ("However, 'Section 1651(a) does not operate to confer jurisdiction . . . .'").

authority, and not the All Writs Act, that is controlling.'); *see also Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28 (2002) (quoting *Pennsylvania Bureau of Corr.*).

Under Federal Rule of Civil Procedure 12(h)(3), the Court must dismiss an action if the Court determines at any time that it lacks subject matter jurisdiction. The federal habeas statute gives this Court jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Whether a habeas corpus petitioner is in custody for purposes of § 2241 is determined at the time that the complaint is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). The Supreme Court has defined "custody" as a "formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *California v. Beheler,* 463 U.S. 1121, 1125 (1983). A "restraint on freedom of movement of the degree associated with a formal arrest" exists where a person has been "deprived of his freedom of action in any significant way." *Id.* at 1124; *Oregon v. Mathiason,* 429 U.S. 492, 494 (1977). The term "custody" is not limited solely to physical confinement. *See Sevier v. Turner*, 742 F.2d 262, 269 (6th Cir. 1984) (citing *Spring v. Caldwell,* 692 F.2d 994, 996 (5th Cir. 1982); *Duvallon v. Florida,* 691 F.2d 483, 484 (11th Cir. 1982); *United States ex rel. Wojtycha v. Hopkins,* 517 F.2d 420, 423 (3d Cir. 1975)). For example, persons on parole, probation or bail may be in custody for purposes of §§ 2241 and 2254. *Id*. Nevertheless,

> The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty. Since habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality and federalism, its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate.

*Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973).

Petitioner was sentenced to incarceration for his crimes; however, he was released years ago. He does not contend that he is "in custody" in that sense any more. Instead, he claims he "remains in custody of the Michigan [S]tate [P]olice pursuant to the Michigan Sex Offender Registry based upon his court-martial conviction . . . ." (Pet., ECF No. 1, PageID.2.) The Sixth Circuit recently reviewed the sex-offender registration requirements imposed by the State of Ohio to determine whether those requirements sufficed to place the registrant "in custody." *Hautzenroeder v. Dewine*, 887 F.3d 737 (6th Cir. 2018). The Court concluded they did not:

> Though registration obligations present a serious nuisance, as the First Circuit put it, "even grievous collateral consequences stemming directly from a conviction cannot, without more, transform the absence of custody into the presence of custody." *Lefkowitz v. Fair*, 816 F.2d 17, 20 (1st Cir. 1987) (holding that the loss of a medical license did not render a sex offender who had completed his sentence "in custody"). Other courts likewise hold that personal registration requirements are not enough to render a sex offender "in custody*." See, e.g., Dickey v. Allbaugh*, 664 F.App'x. 690, 693-94 (10th Cir. 2016) (Oklahoma law); *Calhoun v. Att'y Gen. of Colo.*, 745 F.3d 1070, 1072-74 (10th Cir. 2014) (Colorado law); *Wilson*, 689 F.3d at 337–38 (Virginia and Texas laws); *Henry v. Lungren*, 164 F.3d 1240, 1242 (9th Cir. 1999) (California's pre-SORNA registration law). No court of appeals has held otherwise, and Hautzenroeder has given us no reason to diverge from this unanimous body of precedent.

*Hautzenroeder*, 887 F.3d at 741. Although the Supreme Court has avoided exhaustively delineating which consequences of conviction are collateral and, thus, distinct from custody, the Court has identified several that are commonly considered collateral including the following: "civil commitment, civil forfeiture, *sex offender registration*, disqualification for public benefits, and disenfranchisement." *Chaidez v. U.S.*, 568, U.S. 342, 349 n.5 (2013) (emphasis supplied).

Because sex offender registration is the only present restraint identified by Petitioner and because registration is not custody, this Court does not have subject matter jurisdiction to consider the petition. Accordingly, the petition is properly dismissed.

4

## **Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Fed. R. Civ. P. 12(h)(3) because the Court lacks subject matter jurisdiction. The Court will enter a judgment consistent with this opinion.

Dated:   December 14, 2018                         /s/ Paul L. Maloney
                                                                    Paul L. Maloney
                                                                    United States District Judge